## MARTIN DIXON *v.* JOHN LA FARGE.

The claimant, in proceedings to foreclose a lien, under the law of 1851, must show that the work and materials for which he claims, were done or furnished *in conformity with the terms of a contract with the owner of the building.*

Accordingly, where the proof was that one R. had erected a building for the defendant, and that the claimant furnished to R. hoisting apparatus in aid of the erection; it was *held*, that the evidence should have shown at least a contract between the owner and R., and that the same had been so far performed as was *prima facie* sufficient to entitle R. to recover, had he brought his action for the same cause.

Where there is neither allegation nor proof that the defendant is the owner of the building, the claimant cannot recover; but in the marine and justices' courts, where the notice of claim is informally treated as the complaint, if there be in that, an averment of the ownership, and the defendant neither denies it by answer, nor objects to a recovery for want of proof, the judgment will not be reversed, though no evidence of ownership was given on the trial.

In an action to recover for the use of an apparatus, described in general terms in the plaintiff's bill of particulars; *held*, that it was incompetent to give in evidence, as proof of the value, the opinion of a witness who had never seen the apparatus, nor heard testimony describing it, unless it appeared that all apparatus answering such general description is alike valuable for the purposes for which it was employed.

GENERAL TERM, APRIL, 1854.

Dixon v. La Farge.

THE claimant in this proceeding, effected his lien upon a building in the city of New York, owned by the defendant, by filing a notice containing all the requirements of § 6 of the mechanics' lien law, passed in 1851. The parties appeared in the marine court, pursuant to the usual notice under the fourth section, which was accompanied by a bill of particulars of the plaintiff's claim, as follows : "Mr. William Robinson to Martin Dixon, Dr.—"1853, August 1. "To rigging falls and blocks, strapping barrels, splicing falls and furnishing same, $184 00."

Without waiting for any more formal complaint, than a reference by the plaintiff to his notice of claim and bill of particulars, the defendant, upon the appearance, put in a written answer, alleging, 1. That the claimant had done no work and furnished no materials, as mentioned in his claim and bill of particulars. 2. That he did no work and furnished no materials, in pursuance of an agreement between him and Robinson, the contractor, nor of any contract between the latter and the owner. 3. That there was no indebtedness of the contractor to the claimant. 4. That nothing was due from the owner to the contractor, when the plaintiff's lien was filed, and that nothing became so payable subsequently. 5. That the contractor had paid the claimant in full for all moneys owing to him.

The trial proceeded upon the questions raised in the answer, and resulted in a judgment for the plaintiff.

The claim was for furnishing to the contractor hoisting apparatus, and labor in the use of it, upon the erection of the defendant's building.

It was objected, on an appeal from the judgment, that the plaintiff had not averred or proved, in the court below, that the defendant was the owner of the building in question. This point was not raised before the justice. A reversal was urged upon other grounds, the facts relating to which, so far as they bear upon the decision, appear sufficiently in the opinion.

*Charles E. Appleby*, for the appellant.

*William C. Barrett* and *J. B. Brinsmade*, for the respondent.

By the Court. Woodruff, J.—It has been recently held in this court, at special term, that where there is neither allegation nor proof at the trial, that the defendant, in proceedings under the lien law of 1851, is the owner of the building upon which the lien is claimed, the claimant cannot recover, if that objection be properly taken and insisted upon.

But in a proceeding in the marine and justices' courts, where the notice of claim filed is informally treated as the complaint, and in that there is an averment of the defendant's ownership, if the defendant answers setting up other grounds of defence, goes to trial and to judgment without raising any objection upon this ground, when, if the objection had been raised, the claimant had an opportunity to supply the proper proof, I think the judgment should not be reversed for the want of such proof.

In another respect, and in a matter which was distinctly put in issue, I think there was an entire failure of proof of an essential pre-requisite to the plaintiff's recovery.

It is an express condition of the claimant's right, that the work, &c., claimed for, should be done or furnished "*in conformity with the terms of the contract with the owner of the building.*" In this case, the proof is, that one "Robinson erected the building for the defendant," and the claimant furnished to Robinson hoisting apparatus in aid of the erection.

I think the claimant should have gone further, and showed enough to have brought him within the provisions of the statute, at least so far as to show a contract between the owner and Robinson, and that the owner's contract with Robinson had been so far performed, as was *prima facie* sufficient to entitle Robinson to recover, had he brought his action for the same cause.

There was no difficulty or hardship in this. The claimant

had the same, if not better, means of proof on this subject than Robinson, the contractor, would have had; for, doubtless, Robinson was himself a competent witness to supply this proof.

And again, I think the court below erred in permitting two witnesses to testify to the value of " the use of the apparatus in question," when they had not seen it, nor, *so far as appears by the return*, heard it described, nor had any knowledge of the purposes for which it was employed, except what is contained in the plaintiff's bill of particulars, in these words: " rigging falls and blocks, strapping barrels, splicing falls, and furnishing same."

Without proof that all apparatus answering such a description is alike, which seems obviously impossible, or evidence, at least, that the witness heard the specific apparatus described by some other witness, who testifies to the description, I think it was not competent to inquire of a witness who had never seen it, what its use was worth.

The judgment must, I think, be reversed upon these grounds, aside from the other objection that there was no proof that any money had become payable by the defendant upon any contract with Robinson, for the erection of the building.

Judgment reversed.